UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-000256** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRADLEY KEITH CULP** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion to Reduce Sentence Pursuant to USSG Amendment 821 [Doc. No. 35] filed by Bradley Keith Culp ("Culp"). A Retroactivity Report [Doc. No. 37] was filed by the United States Probation Office on November 7, 2023. An Opposition [Doc. No. 38] was filed by the United States of America (the "Government") on December 21, 2023. A Sentencing Memorandum [Doc. No. 39] was filed by Culp on December 22, 2023.

For the reasons set forth herein, Culp's Motion is **DENIED**.

**I.   BACKGROUND**

On August 28, 2019, Culp was indicted for Possession of A Firearm By A Convicted Felon pursuant to 18 U.S.C. § 922(g)(1), Possession of an Unregistered Firearm (Short-barreled Rifle) 26 U.S.C. 5861(d), and possession of an unregistered firearm (a firearm silencer), pursuant to 26 U.S.C. 5861(d).[1]

On January 21, 2021, Culp pled guilty to Possession of Firearm by a Convicted Felon.[2] On June 3, 2020, Culp was sentenced to a term of imprisonment of 91 months.[3] The guideline range for Culp's sentence was 100-120 months. Culp received 100 months, less 9 months for time served

---
[1] [Doc. No. 1]
[2] [Doc. No. 20]
[3] [Doc. Nos. 32, 33]

1

in state custody that Culp would not receive credit for by the Bureau of Prisons, pursuant to USSG 51.3(b).

On August 31, 2018, Louisiana Probation and Parole agents and the Winn Parish Sheriff's Office conducted a compliance check at Culp's home in Winnfield, Louisiana. Culp was on parole for felony conviction for distribution of methamphetamine and possession of a firearm by a convicted felon. During the compliance check, investigators found Culp in possession of fourteen (14) firearms.[4]

On November 3, 2023, the instant Motion was filed.[5] According to the Retroactivity Report,[6] the guideline range for Culp's sentence was reduced from 100-120 months to 87-108 months.

## II. LAW AND ANALYSIS

In Part A of Amendment 821 to the United States Sentencing Commission Guidelines, the Sentencing Commission addressed the "status points" provision regarding criminal history. The amended provision results in a defendant that has seven criminal history points or more receiving one additional status point instead of two. The amended provision also results in a defendant that has six criminal history points or fewer receiving no status points.

In Culp's case, Culp now receives six status points (instead of eight) for a total of 6 criminal history points. Culp's criminal history category is reduced to III (instead of IV), which reduces the guideline range to 87-108 months.

This amendment was made retroactive, but a court may not order the release of a defendant to occur prior to February 1, 2024.[7] In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme

---

[4] [Doc. No. 37, p.7, ¶9].
[5] [Doc. No. 35]
[6] [Doc. No. 37]
[7] USSG 1B1.10(c)(2) (Nov. 1, 2023)

Court of the United States addressed the process for application of a retroactive guideline amendment. The Supreme Court adopted the following two-step analysis:

> (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant;
>
> (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted in whole or in part under the particular circumstances of the case.

*Id*. A court generally may not reduce a defendant's sentence to less than the minimum of the substantiated guideline range.

Applying the Dillon two-step analysis, Culp is eligible for the reduction. Culp's guideline range is reduced from 100-120 months to 87-108 months. In evaluating the 18 U.S.C. § 3553(a) factors, additional reduction is not warranted. The original sentence of 91 months is still within the new guideline range. Culp had four (4) prior adult convictions: (1) DWI (1992); (2) distribution of methamphetamine (2006); (3) distribution of methamphetamine (2008); and (4) possession of a firearm by a convicted felon (2008). Culp was on parole when found in possession of fourteen (14) firearms. It is clear that Culp's convictions did not have the effect of deterring him from committing future crimes.

Culp has had only one disciplinary incident while in custody. On July 11, 2023, for being in possession of fourteen (14) vape pens, one unopened pack of cigarettes, two electric skillets, one large bowl, one stinger, one roll of double stick tape, one roll of box ape, one baking pan, and various utensils. All of the items were unauthorized.[8]

Overall, in applying 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offenses, the history and characteristics of Culp, the need for the sentence imposed to reflect

---

[8] [Doc. No. 38-1, p. 2]

the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence and to protect the public from further crimes of Defendant, this Court finds Culp is not entitled to further reduction. The Court has also considered the factors set forth in Culp's Sentencing Memorandum, which included Culp's age, completion of the Hours of Healing Class, completion of the BOP rug Education Course, completion of the BOP Non-Residential Drug Treatment Course, and his work assignment in landscaping. Culp's original sentence of 100 months, which is in the middle range of Culp's new guideline sentence, is a fair and appropriate sentence.

### III.   CONCLUSION

For the reasons set forth herein, Culp's Motion to Reduce [Doc. No. 35] is **DENIED.**

**MONROE, LOUISIANA**, this 3rd day of January 2024.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**